The next case is number 21-1606, ARC Underwriting, Inc. v. Lexington Insurance Company. At this time, would Mr. Evans please introduce himself on the record to begin? Good morning, Your Honors. Thomas Evans, representing the appellant ARC Underwriting, Inc. If I could have reserved two minutes, please. You may. This is an appeal of the District Court's grant of summary judgment to Lexington Insurance Company in ARC Underwriting's request or claim for a declaratory relief. ARC Underwriting sought a declaration that Lexington Insurance Company had a duty to defend Shawmut in connection with a construction accident that happened at a renovation of a Harvard Medical School building. Harvard as the owner had contracted with Shawmut as the general contractor to perform the renovation. Shawmut in turn contracted with Haven Restoration to perform the masonry work on the project, and Haven in turn contracted with Lanco Scaffolding to erect the scaffolding to facilitate the masonry work. ARC Underwriting issued a comprehensive general liability policy to Haven, and Lexington issued the same type of policy to Lanco. A gentleman named Thomas Ash, who at the time was working for Haven, fell from the scaffolding, sustained serious injuries, and later filed suit in Massachusetts Superior Court against both Lanco and Shawmut. So unlike most insurance coverage disputes, this case doesn't involve any real dispute about the application of the relevant policy language. Everyone agrees that the policy that Lexington issued to Lanco provides that if Lanco enters into a written contractual obligation to another entity in connection with a construction project to make that entity an additional insured, that Lexington will provide additional insured coverage to that entity. So this entire appeal boils down to one single issue, which is did Lanco have a contractual obligation to provide additional insured coverage to Shawmut or not? ARC advances two arguments that yes, in fact, Lanco did have a contractual obligation to provide additional insured coverage to Shawmut. Both arguments are based on the language of the contract between Haven and Lanco, which is in the form of a one-page purchase order, which appears at page 1335 of the record appendix. The first argument is based on the language in paragraph 12 of that purchase order, which says that Lanco is required to provide insurance required by the prime contract document. So the contracts that were upstream from the Lanco relationship with Haven were the contract between the owner, Harvard, and the general contractor, Shawmut, and the contract between Shawmut and Haven. The contract between Harvard and Shawmut required that Shawmut provide insurance to cover Harvard. And as you can imagine, the Shawmut contract with Haven required that Haven provide insurance coverage to protect both Shawmut and the owner. But it also, in section 5 of that, which is at page 202 of the record appendix, section 5 of that contract, that's the contract between Shawmut and Haven, dictated that any subcontractor of Haven, so in this case, a subcontractor like Lanco, was obligated to the same obligations that Haven had to Shawmut. So any subcontractor of Haven had to provide the same insurance coverage that Haven had to provide, which was insurance coverage that would protect Shawmut and the owner. So, by that logic, if the court interprets prime contract documents to include both of those contracts, then Lanco had a contractual obligation to provide additional insured coverage for Shawmut, and therefore, the lexicon policy includes Shawmut as an additional insured, and there was a duty to defend, and the summary judgment from the district court should be reversed. And how do we read the term prime contract documents? That's a good question. It's not defined, even though it's used with initial capital letters in the purchase order, it's not defined. We did cite one superior court case from Massachusetts which referred to, used the term prime contract documents to, or prime contract, rather, to not between Harvard and Shawmut. So there are some courts that have interpreted it that way, but the other argument is that even if the prime contract is Harvard and Shawmut, prime contract documents in the context of this kind of subcontract suggest that a more expansive view, which logically would include the upstream documents. And the other way to, or the other thing that you could take into account in trying to understand what prime contract documents refer to in this context is just the simple logic that in these construction projects, liability flows down and indemnity flows up, and so it's just a logical reading of it that if you have to, if the sub-subcontractor has to provide the insurance that's required by the prime contract documents, it doesn't make a lot of sense to skip the contract between Shawmut and Haven and just go to the top-level contract. The second argument that ARC advances is based on other language, which is also in paragraph 12 of the purchase order, and that language is that, reads that Haven, the owner, and any other party noted in the purchase order documents shall be named as additional insureds. So that clearly contemplates that, it's Lexington's position in this case that Lanco only had an obligation to name as additional insureds Haven and Harvard. But that language clearly contemplates, it says Haven, the owner, and any other party noted in the purchase order documents. Did you make, this is the argument that takes paragraph 12 and then looks at paragraph 3 and looks at the word contractor in paragraph 3. Yes. Did you advance that argument before judgment was initially entered in the district court? Technically, yes. We advanced it very clearly in oral argument on the summary judgment arguments. It was not in our briefs. But I would suggest that the issue of waiving by not raising an issue, while it's technically available, the question is, should you exercise your discretion to deem that to have been waived? It's the legal argument, all of which I've just set out, that the nature of Lexington's policy and the single issue, does Lanco have an obligation to provide additional insured coverage? That legal argument was made in spades in all of the briefing. There was a ton of briefing because there were cross motions for summary judgment. So that, what was omitted from the briefs was simply the directing to a couple of sentences down to this language. And it was raised at oral argument. The other side had a chance to address it at oral argument. And then it was re-raised in a motion for reconsideration. It was fully briefed. And the court did consider it. He said it's waived because it wasn't briefed appropriately. But the court then went on to consider it. And so I think it would be appropriate here, the policy reasons for deeming an argument waived apply more to a very complicated legal and factual issue as opposed to this one. Sometimes when we read statutes, we have a concept, sort of the notion, briefly, is that you don't hide elephants in mouse holes. Does that concept fit in reading insurance policies? Because paragraph three seems like something of a mouse hole. It doesn't seem to have anything to do with anything germane to this case. And yet it does have the word contractor in it. Well, Your Honor. It would seem to be an odd place to look to see who was covered. Well, it would except, Your Honor, that it's clear or it seems clear to me that when the purchase order documents, clearly paragraph 12, and the district court makes this clear, well, paragraph 12 is where you look to see who should be an additional insured. Well, yes, but this language can only be read to mean that they were trying to say, and we want a catch-all, that if it's mentioned anywhere else in these papers, we want you to make sure you insure them as well. And it kind of makes sense because it suggests that if there's another entity that's discussed and it's clear from somewhere else in the document that there's another entity involved in this project that's directly in this chain of contracts, then you have to name them as an additional insured as well. So how do these two arguments work together? You've got two separate grounds for saying that there was an obligation to provide the insurance. And they're not in the same parts of the contract. Textually, right? Well, both of them are triggered in paragraph 12. One of them says noted elsewhere, and then that's the reference to paragraph 3. But they work together in the sense that the... No, I'm saying the first one you were making, the earlier contract, which takes you through to the other contract. I'm just trying to follow how they... There was the waived argument, which is asking us to look at particular texts in the agreement. Yes. But then there's the non-waived argument. Yes. And I'm just trying to understand, if both were true, if you were correct on both, would that be sensible for the contract to provide these two separate requirements to provide the insurance? Sure. Because the first one is saying, if the prime contract documents require it, then it has to be here. And the other one is sort of a catch-all that's saying, if it's mentioned in the purchase order documents, then you need to make sure that that entity is an additional insured as well. Sure, it's possible that those two would always match, and that anyone noted in the purchase order would somehow be in those two contracts, but it's possible that they wouldn't be. I guess what I'm wondering, is there any chance, if we read prime contract as broadly as you would like us to read it, that a party mentioned in those prime contact documents, or that the prime... wouldn't include a party noted? Do you see what I'm saying? I'm just wondering if the catch-all... actually cuts against the reading of the prime contract documents that you're suggesting we should adopt. And it suggests it would be much more natural to think of that as the top-level contract, and then if there's a catch-all, then there's a catch-all. Well, yeah, I don't see it, Your Honor, because I think the word contracts suggests that that... prime contract documents, rather, that the documents suggest that the other contracts in the chain... I'll just ask that question again, then. If you're right about that, is there a reason for the catch-all? It's just hard to see who's going to be noted that's not mentioned in prime contract documents if it's an expansive of categories you're suggesting. Yeah, no, that's true. I see what you're saying, Your Honor, but I don't know exactly how to reconcile that, and I don't know whether there's some possibility that this type of sub-subcontract might mention another entity that wouldn't be referred to in the prime contract documents. Because you'd gladly sacrifice either one of them if it promoted the other. Well, assuming both weren't waived. Hmm? Assuming both weren't waived. If one was waived, you might not want to sacrifice either one. Right. You'd have to keep one of them and not the other. Right. So, Your Honor, those are the bases for our request that the summary judgment decision be overturned. Thank you. At this time, would Attorney Rose please introduce himself on the record to begin? Thank you. Good morning, Your Honors. Lincoln Rose on behalf of the defendant Napelli, Lexington Insurance Company. May it please the Court. Your Honors, this Court should affirm the District Court's decision that AHRQ, on behalf of Shawmut, cannot meet its burden of proving additional insured coverage under the Lexington policy issued to LANCO. The purchase order here between Haven and LANCO does not contain any language obligating LANCO to name Shawmut as an additional insured such that it would trigger coverage under the additional insured endorsement of the Lexington policy. The relevant language of the purchase order, paragraph 12, reads that the subcontractor, LANCO, shall procure and maintain such insurance policies as will fully protect subcontractor, Haven, and owner. Haven, owner, and any other parties noted in the purchase order documents shall be named as additional insureds. As the District Court found, this language only obligates LANCO to name Haven and Harvard as additional insureds. Why is that? Isn't Shawmut noted? No, Your Honor. Shawmut is not noted in paragraph 12. But the text that you just read doesn't mention paragraph 12, does it? I'm sorry, Your Honor? The text you just read doesn't mention paragraph 12, does it? That was the paragraph 12 from the purchase order. Right, but it just says any party noted. It doesn't say in paragraph 12. No, I see what Your Honor is saying. But I would note that in terms of... In fact, what's it say? It says any party noted in... The purchase order documents. And that seems odd to them to say that what it's really saying is any party noted in paragraph 12 of the purchase order documents, doesn't it? Just textually. No, it's, as Your Honor said, any party noted in the purchase order documents. And the only purchase order document in front of Your Honor in this court is the one-page purchase order. In paragraph 3, that has the word contractor in it. Yes, paragraph 3 does have the word contractor in it. So that's their argument, is that there it's noted. Yes, but as Your Honor can see from the language of paragraph 3, that is a paragraph not dealing with insurance obligations, but rather how Haven can cancel or change the purchase order. So it's dealing with Haven's obligations, not Lanco's obligations. And so it has no relevance to who is insured under which policies. And while it may note contractor, it does not say contractor is an additional insured under... Actually, isn't it just a party noted in the contract purchase order contract document? But I think as Your Honor mentioned previously, it would be an odd place to put a who is an additional insured in a paragraph dealing with how Haven can cancel this paragraph. And in any event, that argument is waived because it was not presented... Put aside the waiver, and I understand the waiver point. So put aside that for a second. But I'm just trying to figure out... You'd say we just have to read the text to impliedly say you're not noted if you're noted in paragraph 3. Is that the idea? I'm sorry, could Your Honor repeat the question? I'm trying to figure out textually how it's not a party noted in the document. Is that because the word noted should implicitly be read to be only if you're noted in paragraph 12? Yes, Your Honor. Because paragraph 12, as the district court held, is the relevant paragraph dealing with additional insured obligations. And if you look at... I'm just trying to figure out if that's the textual argument is that noted impliedly doesn't mean noted in the document. It means noted in the relevant place in the document. Yes. How does the general rule about how we construe insurance contracts when there's an ambiguity, how does that figure in then? Do you think it's just crystal clear that party noted means party noted in paragraph 12 alone? Two points, Your Honor. With regards to ambiguity, I would submit that, one, we're not dealing with the insurance policy here. So it wouldn't be construed against... Well, we are dealing with two insurance companies here, but it wouldn't be construed against Lexington in this instance. And two, reading it as my brother would have it that anywhere in this purchase order, if a party is mentioned, then they're an additional insured. Well, there are other non-related parties noted in this purchase order, including OSHA in the state of Massachusetts. Can't mean that. Exactly. So if it results in absurdities where OSHA in the state of Massachusetts or anyone who is not a contractor would suddenly become an additional insured simply by their name being present in this entire purchase order. But again, this purchase order does not obligate Lanco to name Shawmut as an additional insured under this policy and is far cry from the language of the cases my brother relies on, which did find additional insured obligations. For instance, in the case of First Mercury Insurance Company versus Shawmut, they had the agreement between the subcontractor, Shepard, and the sub-subcontractor, Fast Track, obligated the sub-subcontractor to name the project owner and construction manager as additional insured. Just so I have it, in paragraph 12, I'm just trying to, again, figure out how the two parts of the contract work together, two arguments work together. On your view, if party noted doesn't mean anybody mentioned in the document anywhere, and I take the point about why that would be, and you're taking the view that prime contract is the top level, what's party noted picking up on your view? Your Honor, I'm not aware. Obviously, I did not draft this contract or Lexington did not. I'm not sure who that should include. I understand it to be a catch-all provision, but typically as these types of contracts are drawn up, any other party should be noted somewhere in this section dealing with insurance requirements. On your view, is there another party noted? Not in this relevant provision, and again, I go back to my previous point. That gets, I mean, we've got a difficulty trying to figure out what party noted is referring to then, don't we? If it can't refer to any party, but it can't refer to no party, it's got to refer to some party, so which party is it? Not necessarily, Your Honor, because if you look at the case cited in our brief, including the Orchard case, it had very similar language in that case. There, the subcontract that issued required the subcontractor, Platinum, to name Schmina, who was the general contractor, the owner, and any additional parties as required by the prime contract document as additional insurance. And there, Orchard, who was the project engineer on the wastewater treatment plant, sought additional insurance under the subcontractor's insurance policy, and based on this nearly identical language, including this similar language which the Court is questioning on, the Court there found that Orchard was not entitled to additional insured coverage because they were not assignatory to the prime contractor, and there was no language in that agreement requiring that Platinum or subcontractors in general to add Orchard as an additional insured. So while it has that similar language, and again, where that party seeking additional insured coverage was not named either explicitly or by a categorical reference such as general contractor or construction manager or what have you, that the Court there, even with this language, found that that party was not entitled to additional insured coverage. Does the record reflect whether these purchase orders and other documents we have before us are generally standard form industry documents or if they're bespoke contracts negotiated for this transaction? Your Honor, I'm not sure whether this is a boilerplate contract or one specifically drafted by the parties here. But in these cases where there has been found additional insured coverage, there have been two key points. Either one, that the party seeking additional insured coverage is either named explicitly or implicitly by reference, which the District Court found was not the case here. Or secondly, that there is incorporation by reference of an upstream subcontract which obligates the downstream parties to name the general contractor or some other upstream party as an additional insured. And neither one of those requirements have been met here because the purchase order does not incorporate the universal subcontract between Haven and Shawmut. The purchase order here only references either A, the purchase order documents, or B, the prime contract, which Lexington maintains is the prime contract between Harvard and Shawmut. But I would also note that in paragraph 12, when my brother points to the prime contract documents, the language that uses that phrase states, subcontractors shall also maintain any other insurance required by the prime contract documents, and in any event shall maintain the following coverages. That language is describing what types of insurance LANCO is to maintain, not who is insured under those policies. And again, looking at the prime contract, section 10 of that Harvard-Haven contract does not contain any language obligating subcontractors or sub-subcontractors to name Shawmut as an additional insured. So there's no incorporation by reference of this universal subcontract. And that was implicitly conceded by Shawmut, who in the underlying Ash action, in their third-party complaint against Haven, originally, which was later dismissed, but originally brought a breach of contract claim against Haven Restoration, claiming that it breached the universal subcontract by failing to ensure that its own subcontractors were bound by the same terms of their subcontractors. The briefs in the argument have focused on a single page RA-212, which is the terms and conditions that have paragraph 3, paragraph 5, paragraph 12. Is these terms and conditions part of a more extensive writing? This part is the relevant portion. There is a cover sheet, if you will, which does not contain any relevant terms or obligations here. The underlying... There is another document in the underlying case which the parties have disputed, which again does not really trigger or focus... I guess my question is a simple yes or no. Is this a part of some other more substantial document? It doesn't read like... No. It doesn't even have a signature page on it. No, Your Honor. It's not cut out from another document. I believe it is just a singular document. Well, where's the signature on it? I believe it may have been on the first page. So there is another page? Right. As I mentioned, I believe that was the cover page with the sort of... The appendix doesn't list. The appendix just lists declarations. It doesn't handily tell us where we find these actual underlying documents. Is it in the appendix, the entire agreement between Lenko and Haven? Your Honor, I believe the relevant entire agreement is RA 1226 and 1227. Thank you. If Your Honors have no further questions, I will rest. Thank you. At this time, if Attorney Evans would return and introduce himself on the record to begin his two-minute rebuttal. Yes, Your Honors. Thomas Evans for Arc Underwriting. Just very quickly, the language in paragraph 12 about the subcontractor maintaining other insurance required by the prime contract documents doesn't say types of insurance. So I think to read in that word would be inappropriate. With regard to the purchase order, the one-page contract we've been discussing, noting OSHA and the State of Massachusetts, OSHA is noted as in connection with the safety requirements of OSHA, and the State of Massachusetts is referenced with regard to the laws of the State of Massachusetts. So that's a much different kind of noting than noting that there's a contractor involved in the construction project. How about paragraph 4? It refers to shippers and service providers. Were they required to get insurance for shippers and service providers because they were noted in paragraph 4? Let me just look at that very quickly, Your Honor. Your Honor? You know, that's a good question. If they were going to be allowed on the site, they probably should have, but I suppose you could take that into consideration in trying to interpret the language. I still think that in the context of maintaining other insurance, I'm sorry, in the context of naming other parties other than Harvard and the owner, Harvard and Haven as additional insureds, that the fact that paragraph 3 references that there's a general contractor involved in the project makes it logical that if you could characterize that language as a catch-all that's trying to catch any other entities that would be appropriate to be named as additional insureds, that the fact that a general contractor is referred to in paragraph 3 would make that a proper application of it. Thank you. Thank you. That concludes argument in this case.